### HOSSBACH v. BEHR.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. EVIDENCE (§ 16*)—JUDICIAL NOTICE—FOREIGN LANGUAGES.
   A court of law will not take judicial cognizance of the meaning of foreign languages.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 20; Dec. Dig. § 16.*]

2. TRIAL (§ 136*)—FOREIGN LANGUAGE—QUESTION OF FACT TO BE PROVED.
   The question as to the meaning of a writing in German was a question of fact to be proved, and it was not proper for the court to obtain the respective attorney's translations of the writing, and, on comparing them himself with the original, decide as to its correct meaning.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 326; Dec. Dig. § 136.*]

Appeal from Municipal Court, Borough of Queens, First District.

Action by Phillipina Hossbach against Hugo Behr, as Noble Grand or President of Goethe Lodge, No. 193, I. O. O. F., of the State of New York. Judgment for plaintiff, and defendant appeals. Reversed, and a new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and CARR, JJ.

F. P. Trautmann, for appellant.
Clinton T. Roe, for respondent.

CARR, J. This is an appeal from a judgment of the Municipal Court of the City of New York in favor of the plaintiff for the sum of $250 as the death benefit accruing to the plaintiff on account of the death of her husband while a member of Goethe Lodge, No. 193, of the Independent Order of Odd Fellows. Whether this judgment can stand or not depends entirely upon the correct translation of subdivision 12 of article 11 of the constitution and by-laws of the lodge, which are printed in German.

As to a part of these by-laws, there is an agreement between counsel as to the proper translation, but as to the part practically determining this action there is a conflict. These by-laws provide certain benefits attached to membership in the society, and impose penalties for

nonpayment of the dues and charges at the times therein prescribed. The defense was that the plaintiff's husband was at the time of his death under a penalty which excluded him from the regular benefits set forth in the by-laws, which penalty had arisen from his failure to pay in June, 1905, the dues and charges then accruing. These dues were paid later, in August, 1905, and the decedent died in the following October. The nature of the penalty prescribed in the by-laws was the chief subject of dispute between the parties.

It appears that on the trial of the action the constitution and by-laws as printed in German were offered in evidence, without a stipulation or proof as to the English translation. The learned justice who presided at the trial, believing himself to be familiar with the German language, suggested that the respective counsel submit to him their translations of the sections of the documents which related to the cause of action, that he might compare these translations with the original German, and determine for himself wherein the true translation was shown. The respective counsel followed this course, and we have before us now on appeal the original German and the respective translations. These translations differ radically as to one word, which is of so much importance that its proper translation determines the existence or nonexistence of a cause of action on the part of the plaintiff. The learned court seems to have accepted the translation proposed by the plaintiff. Were we to imitate him in a trial of linguistic knowledge, we should be inclined to accept the translation proposed by the defendant. We shall not, however, be tempted into this trial, as it is not the part of a court of law to take judicial cognizance of the meaning of foreign languages.

The question presented is one of fact, and must be proved as any other fact is proved. The situation existing on this appeal requires that the judgment be reversed, and a new trial ordered, at which the true translation of the constitution and by-laws can be established in a satisfactory manner.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.